## Frazee, et al. v. Kentucky Utilities Company.

(Decided October 15, 1926.)

(Rehearing Denied, with Modification, January 28, 1927.)

### Appeal from Garrard Circuit Court.

1. Eminent Domain—Evidence of Depreciation of Market Value of Farm Caused by Reasonable Apprehension of Danger from Electric Transmission Line Was Admissible, and Instruction Authorizing Recovery of such Depreciation Should Have Been Given.—In proceedings to condemn easement for electric transmission line, evidence of depreciation in market value of farm, caused by reasonable apprehension of danger by construction of line, was admissible, and instruction authorizing jury to consider depreciation in market value from that cause should have been given.

2. Eminent Domain—Where Instruction on a Proper Element of Damage in Condemnation of Easement Was Offered, Court Should have Given a Correct Instruction.—Where owner of land, in condemna-

tion proceedings, offered an instruction on effect of depreciation in value of farm caused by construction of electric transmission lines over land, which was a proper element of damages, court should have given a correct instruction thereon.

3. Eminent Domain—Landowner, Denied Right to Have any Evidence Whatever Considered on Proper Element of Damage in Condemnation, is Entitled to New Trial, Though Evidence Offered was Incompetent.—Owner of land sought to be condemned for easement for electric transmission line, deprived of right to have any evidence of fear from construction of line considered as element of damage by court's peremptory statement that such fear should not be considered, is entitled to new trial, though most of evidence offered on this element of damage was incompetent.

C. C. WILLIAMS and G. B. SWINEBROAD for appellants.

ROBERT G. GORDON and BRUCE, BULLITT, GORDON & LAURENT, ROBINSON & KAUFFMAN, LEWIS L. WALKER and G. C. WALKER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

This is a condemnation proceeding instituted by appellee in the county court seeking to condemn certain rights over appellants' property with the view of running over and across the same electric transmission wires.

From a verdict fixing the damages in the county court the company appealed to the circuit court where there was a verdict assessing the damages at much less than they were fixed in the county court judgment, and from the circuit court judgment this appeal is prosecuted by the owners of the land.

On the trial in the circuit court all evidence offered by the landowners designed to fix any basis of recovery upon the apprehension of fear because of the erection of the transmission line across the property, was excluded; and although the landowners offered an instruction authorizing the jury in fixing the damages to take into the estimate "any depreciation of the market value of the farm because of any reasonable apprehension of danger by reason of the said transmission line," the court declined to give such instruction, and in the instructions given wholly ignored this element of damage.

There is this day decided the appeal of the Kentucky Hydro-Electric Company v. Woodard, etc., wherein this precise question is exhaustively considered, and the con-

clusion reached that in such proceedings an instruction along the lines therein indicated should be given.

Upon the authority of that case, and for the reasons given in that opinion it is held that the court in this case erred in rejecting such evidence and in declining to instruct upon that subject in the manner indicated in that opinion.

The landowners having offered an instruction upon that subject it was the duty of the court to have given a correct instruction.

It is true that little, if any, of the evidence offered by defendants on the trial as to the apprehension of fear from the transmission lines was competent under the ruling in the Woodard case.

But it is likewise true that upon the trial the court several times peremptorily said to the jury that they should not consider any element of fear or any evidence based upon the apprehension of fear, and that "the fear don't enter into it, and any opinion of the witness based upon fear is not competent," and constantly throughout the trial sustained objections to evidence offered along that line.

While little, if any, of the evidence offered was competent it is certain that the court gave defendants and their counsel to understand that in its opinion the apprehension of fear was not an element entering into the damages, and they were, therefore, disarmed and prevented from offering any competent evidence. It is also certain that defendants were by this peremptory action of the court deprived of having considered any evidence as an element of damage based on any apprehension of danger, and were given to understand the court would exclude all such evidence.

Under the circumstances, therefore, defendants are entitled to a new trial to the end and that they may have this element of damage considered upon the presentation of competent evidence.

Because of the error indicated the judgment is reversed, with directions to grant appellants a new trial, and for further proceedings consistent herewith.