**OHIO PUBLIC SERVICE CO v DEHRING et**
**OHIO PUBLIC SERVICE CO v DARR**

Ohio Appeals, 6th Dist, Ottawa Co

No 115. Decided May 27, 1929

True, Crawford and True, Port Clinton, for Service Co.

Graves & Duff, Port Clinton, for Dehring et.

**WILLIAMS, J.**

On the trial of the case the court refused certain requests to charge before argument submitted by plaintiff, numbered 4, 5, 6 and 9.

By request No. 4 the plaintiff sought to establish the principle that the unsightliness of the towers and transmission lines could not be considered by the jury. We think that this was properly refused, for the reason that unsightliness which affected the value of the land was a proper element for the jury to consider in determining damage to the residue.

Request No. 5 was as follows:
"Danger from lightning, danger that a cable might break and fall, danger that a cable might fall on a wire fence, danger to crops by towers being blown over and danger to persons or live stock are too remote, speculative and uncertain to afford a basis for allowance of damages."

Request No. 6 was as follows:
"The court charges you as a matter of law that you should not award any damages on account of any fears of danger to himself, his family or livestock which they or any future purchaser might entertain on account of the construction or maintenance of this transmission line."

We think the danger and fear referred to in these requests were elements which might be considered in so far as they affected the market value in determining damages to the residue.

**Hayes vs. Toledo Rys. & Light Co. 6 C. C. N. S., 281, affirmed by the Supreme Court without report, 70 Ohio St., 425;**

Kentucky Hydro Electric Co. vs. Woodard, 287 S. W., 985;

Beckman vs. Railroad Co., 122 N. W., 994;

Frazee vs. Kentucky Utilities Co., 289 S. W., 675;

Alloway vs. City of Nashville, 13 S. W., 123.

Request No. 9 was based upon the theory that a witness who had never bought or sold any land occupied by towers and transmission lines and has no personal knowledge of the sale or purchase of lands occupied by towers and transmission lines, is not qualified to testify as to the market value of the land not taken for the easement. We are of the opinion that such a witness, otherwise properly qualified, is not barred from testifying because he has not such personal knowledge and experience. There was no error in refusing plaintiff's requests.

An examination of the record shows that the trial judge committed no error of law upon the actual trial of the case to the prejudice of the plaintiff in error. A motion for a new trial was filed, however, which raised the question of the weight of the evidence. This motion was overruled before the judgment was entered on the verdict and it remains for us to determine the question whether the verdict is excessive. We are of the opinion that it is excessive and manifestly against the weight of the evidence as to amount. We have decided, however, to allow a remittitur and if the defendant in error, Gottfried Dehring will remit as of the date of the judgment all in excess of the sum of $6500.00, the judgment will be modified by this court accordingly and as modified will be affirmed. If the defendant in error Dehring refuses to accept the remittitur, the judgment of the court below will be reversed for the reason that it is manifestly against the weight of the evidence and the cause remanded for a new trial.

In the Darr case the jury returned a verdict for $1,000.00 as compensation and $2,000.00 as damages. We find no prejudicial error in the record in that case except that the verdict is excessive and manifestly against the weight of the evidence. But we will also allow a remittitur in this case and if the defendant in error Fred Darr, will remit as of the date of the judgment all in excess of the sum of $2250, the judgment will be modified by this court accordingly and as modified will be affirmed. If the defendant in error Darr refuses to accept the remittitur, the judgment of the court below will be reversed for the reason that it is manifestly against the weight of the evidence and the cause remanded for a new trial.

Lloyd and Richards, JJ, concur.