## JEFFERY v STARR

Ohio Appeals, 6th Dist, Erie Co

No 399. Decided Feb 6, 1933

Claude J. Minor, Sandusky, and Henry Hart, Sandusky, for plaintiff in error.

Young & Young, Norwalk, and A. S. Close, Sandusky, for defendant in error.

144

RICHARDS, J.

We think the foregoing is not a proper statement of the law applicable to this case under the terms of the contract made by the parties. By the terms of the first portion of that contract the purchaser could remove all the sand on the twelve acres of land and by the latter portions of the contract the purchaser was obligated to remove 3,000 tons of the sand per year for a period of five years and was entitled to no extension of the contract because he had not removed the full amount so required to be removed. After removing a substantial quantity of sand, the evidence tends to show that he notified the owner that he would not take any more for the reason that it was not according to contract and was mixed with the roots of foxtail and contained hardpan. The court should have told the jury that in no event could Starr recover for more sand than remained on the premises. Under the charge as given the plaintiff would be entitled to recover for the full 15,000 tons less the amount delivered, regardless of the quantity of sand on the premises, and the defendant would only be entitled to a verdict by showing that all of the sand was not marketable molding sand, —that is to say, that none of the sand was marketable molding sand.

If, under the charge, the jury should find that only one ton of merchantable molding sand remained, it would have been justified in returning a verdict for the plaintiff for the purchase price of 15,000 tons, less the amount delivered and paid for.

The defendant having denied in his answer all the allegations except the making of the agreement, the burden rested on the plaintiff to prove, in an action to recover the contract price, that he had and was able to deliver the goods sold, and the burden of proof did not rest on the defendant. The quality of the sand, that is, that it was marketable molding sand, was part of the description and the burden rested on the plaintiff to show by a preponderance of the evidence that he had that quantity and quality required by the contract before he could recover the price therefor. Pierson et v Crooks et, 115 N. Y., 539. The bill of exceptions contains no evidence showing the quantity of sand remaining and there is a conflict in the evidence as to whether the sand was merchantable molding sand and yet the charge as given submitted neither of these matters to the jury and allowed the plaintiff to recover the amount claimed with no showing of these facts. Not only this, but the testimony of the plaintiff himself showed that he had subsequently contracted in writing to sell the sand to another party,—thus, under the evidence in the record, rendering himself unable to perform. The following testimony of the plaintiff appears in the bill of exceptions:

"Q. Didn't you sell this sand after Jeffery quit in 1926? Didn't you contract this sand to another concern? A. I did.

Q. How much did they take? A. They haven't taken any.

Q. Their contract has expired, hasn't it? A. I don't think the last one has."

The Uniform Sales Act, which is a part of the statute law of the state, covers the sale of all "goods." The word "goods" is defined in the act, §8454, GC, as including "things attached to or forming part of the land which are agreed to be severed before sale or under the contract of sale." The contract to sell this sand therefore comes within the statute. The case at bar is not one to recover damages for the breach of a contract but to recover the price of the goods. §8440, GC provides a remedy in case the seller has resold the goods and that remedy is for him to recover from the buyer the damages for any loss occasioned by the breach of the contract of sale. The next succeeding section provides a like remedy where the seller has rescinded the sale upon the default of the buyer for an unreasonable time. §8444, GC, likewise provides the remedy of the seller where the buyer refuses to accept and pay and fixes the measure of damages. §8443, par. 2, GC, provides the circumstances under which a seller may bring an action to recover the price although the property in the goods has not passed. The section, however, contains this limitation:

"But it shall be a defense to such an action that the seller at any time before judgment in such action has manifested an inability to perform the contract or the sale on his part or an intention not to perform it."

The injustice of permitting a seller, after default on the part of the buyer, to resell the goods and subsequently recover the contract price from the first buyer, must be manifest.

Prejudicial error was committed in the charge of the court and the judgment is manifestly against the weight of the evidence, and for these reasons the judgment is reversed and the cause remanded for further proceedings.

LLOYD and WILLIAMS, JJ, concur.