## LAKE SHORE ELECTRIC RY CO v
## SHEPHERD

Ohio Appeals, 6th Dist, Erie Co

No 401.   Decided May 15, 1933

King, Flynn & Frohman, Sandusky, for plaintiff in error.

John F. McCrystal, Sandusky, for defendant in error.

LLOYD, J.

The railway company claims that the transfer of passengers from the one car to the other was necessitated by an emergency which the railway company did not create and could not obviate, and that it had absolutely no control over the sidewalk, which was constructed and maintained by the city of Sandusky and was presumed to be and was apparently in good condition.

Counsel for the railway says in their brief:

"It was a reasonable pathway; it was available for use; it was designed to be walked upon by travelers, and therefore to ask these passengers to travel over that walk and take a car waiting for them on the other side of the water, was not unreasonable, nor was it an act of negligence."

The railway having accepted Mrs. Shepherd as a passenger to be transported by continuous passage from Castalia to Sandusky, and having adopted the sidewalk in question for the purposes of transferring passengers to the waiting car, the sidewalk temporarily became, for that purpose, a part of the railway equipment and it was required to exercise toward passengers the same degree of care required by law of carriers of passengers, that is to say, the highest degree of care of which the situation as shown by the facts and circumstances in evidence was reasonably susceptible.

The questions of negligence on the part of the railway company, contributory negligence on the part of Mrs. Shepherd and the proximate cause of her injuries, were questions to be submitted to the jury for determination.

The general charge of the trial judge is prejudicially defective in that nowhere therein does he state to the jury the issues made in the pleadings, the trial judge stating only that

"The pleadings in the case, which have already been read, are the written statements of the respective claims of the parties, and consist of an amended petition filed by the plaintiff, an answer filed by the defendant and a reply filed by the plaintiff. Now these pleadings for the purpose also of assisting you, if possible, go with you to your jury room, but you are also instructed that these pleadings in no sense of the word constitute evidence in the case, and will not be so considered by you."

He then states that:

"Certain facts set forth and alleged in the amended petition of plaintiff are admitted by the answer of the defendant to be true, and the facts so admitted may be considered by you as proven in this case, and undisputed."

Thereupon, after enumerating these admitted facts, he said

"Other than the admissions as I have enumerated them for you, the defendant denies each and every other allegation contained in the amended petition of the plaintiff."

The judge then advised the jury as to the allegations of the answer, charging contributory negligence on the part of the plaintiff Mrs. Shepherd, and calls attention to the reply of Mrs. Shepherd thereto, denying

"each and every other allegation therein contained except wherein said answer admits to be true, the allegations of the amended petition."

and with no further reference to any of the alleged facts charging negligence on the part of the railway company proceeds to say:

"The issue being thus made up, the burden of proof in this case, is placed upon the plaintiff to prove by a preponderance

of the evidence the material allegations of her amended petition, that is, those material allegations which are not admitted by the answer."

The only reading of the amended petition that appears in the record is the reading thereof by counsel for Mrs. Shepherd in his opening statement to the jury, and it seems not necessary to suggest that what counsel says and claims in his opening statement to the jury at the beginning of the trial does not ipso facto become a part of the charge of the court to the jury after the submission of the evidence and the final arguments of counsel, nor will permitting the jury to have the pleadings in the jury room serve as a substitute for instructing the jury as to the issues made thereby.

As said in **Railroad v Lockwood, 72 Oh St, 586, at page 589:**
"The court thus left it to the jury to find out for itself what were the specific issues of fact as made up in the pleadings, and which it was the duty of the jury to decide from the evidence, under the instructions of the court."

The failure of the court to state concretely to the jury the issues made in the pleadings constitutes prejudicial and reversible error.

A majority of this court are also of the opinion that the trial judge erred in the charge as given with respect to the burden of proof. He instructed the jury that

"If, by a preponderance of the evidence in this case, you find that at the time and place in question, under all of the circumstances then existing, the.defendant failed in any one or all of the several respects set forth in plaintiff's amended petition, to exercise the degree of care which the court has indicated, then such failure upon the part of the defendant would constitute negligence, and if by a preponderance of the evidence, you find that such negligence was the direct and proximate cause of the injuries of which the plaintiff complains, then you would be warranted in returning a verdict in favor of the plaintiff, provided of course, that the plaintiff herself was not guilty of contributory negligence, concerning which, I shall instruct you a little later."

Continuing, the court said:
"On the other hand, if, by a preponderance of the evidence, in this case, you find

that at the time and place in question, under the then existing circumstances, the defendant did all that any one in its position could reasonably do to guard against injury to the plaintiff, and that the care and skill which prudent men are accustomed to exercise under similar circumstances was exercised, then your verdict should be for the defendant."

The facts and circumstances in this case are unusual and exceptional and require corresponding particularity in the instructions given in the charge of the court and if the jury regarded these instructions as placing the burden upon the railroad company, as it seems to a majority of the court it does, to prove that it did all that could be done to guard against injury to the plaintiff, the instruction would constitute prejudicial error. This instruction is in effect the same as in a portion of the charge to the jury in **Jeffery v Starr, 39 Court of Appeals Opinions, Sixth District, unreported, p. 227,** (14 Abs 143), which was held by this court to be prejudicial error.

In **West, Exrx. v Knoppenberger, 4 C.C. (N.S.), 305,** which was a will contest, the court said that although the rule was correctly stated by the trial judge in parts of the charge, yet

"in various places statements are made as to results that should flow from finding or not finding certain facts that in effect shift the burden of proof upon the defendant.'"

and a majority of this court are of opinion that the principle announced in that case is equally applicable to the instructions given by the trial judge in the instant case, to which we have called attention.

We also find in the charge:
"When the words 'ordinary care' are used it means, as you have already on former occasions been instructed, the care and caution employed by ordinary, every day men, under the same or similar circumstances."

As to whom a jury would include within this classification, whether ministers, clerks, physicians, day laborers, lawyers, or what not, we shall not speculate nor seek to determine, but presume to suggest that reviewing courts have repeatedly defined ordinary care to be that degree of care which ordinarily careful and prudent persons are accustomed to exercise under the same or

similar circumstances, and that it would seem preferable to follow judicially announced definitions, whether relating to ordinary care, proximate cause or whatever the subject thereof may be.

Because of the prejudicial errors to which attention has been called, the judgment of the Court of Common Pleas is reversed and the cause remanded for a new trial.

Reversed and remanded.

RICHARDS and WILLIAMS, JJ, concur.