## Williams et ux. v. City Of Louisville.

February 17, 1948.

Henry L. Brooks, Judge.

J. W. Jones and Jones & Jones for appellants.

Luther M. Roberts for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—
Affirming.

This action was brought in the Jefferson Circuit Court by the City of Louisville against C. S. Williams and wife under the Flood Control Act of 1946, now KRS Chap. 104 (1946 Ed.), to condemn the rear portion of the lot upon which their home is situated at 4231 N. Western Parkway in Louisville. By their answer and counterclaim as amended, appellants asked that they be adjudged the value of their property actually taken and $2000 damages as a consequence of such taking.

A trial resulted in a verdict in favor of appellants in the sum of $700 for the land actually taken but no consequential damages to the remaining property were allowed. From the judgment entered thereon the Williams appeal.

The only ground urged for reversal is that the trial court erred in refusing to permit appellants to introduce evidence of their fear that the wall would break in the event of a flood and release a sudden flow of water which would wash away their home and drown the occupants, which fear of such hazard operates to depreciate the reasonable market value of their property; and the refusal of the court to instruct thereon.

The evidence shows this flood wall will be 27 feet high and have a 11-foot crown, with a 3 to 1 slope (which means that for every vertical foot there will be three horizontal feet) which gives a base of 174 feet. The toe of the wall will be 130 feet from appellants' residence. The record further shows that since 1882 there have been 13 floods which overflowed the property now owned by appellants; that the contemplated wall will be 3 feet higher than any point the water reached in the record flood of 1937; that the wall will be constructed of earth and in accordance with the United States Government's latest scientific method of packing so as to prevent seepage and all danger of the wall breaking.

Appellees argue that in arriving at consequential

or resultant damages in condemnation cases, courts will not consider remote, uncertain, imaginary or speculative damages, citing Lewis on Eminent Domain, Vol. 2, 3rd Ed., sec. 739, p. 1313; Louisville & N. R. Co. v. Hall, 143 Ky. 497, 136 S. W. 905; Louisville & N. R. Co. v. Burnam, 214 Ky. 736, 284 S. W. 391; Alabama Power Co. v. Keystone Lime Co., 191 Ala. 58, 67 So. 833; Annotated Cases 1917 C, 878.

Appellants insist that where reasonable fears are entertained relative to the safety of the land adjacent to that taken, the market value of such remaining land is depreciated, and for this they should be compensated. They mainly rely upon Kentucky Hydro-Electric Co. v. Woodard, 216 Ky. 618, 287 S. W. 985; Ohio Public Service Co. v. Dehring, 34 Ohio App. 532, 172 N. E. 448; and United States v. 2877.37 Acres of Land, D. C., 52 F. Supp. 696. The first two of these cases deal with high voltage electric wires crossing the condemned land, while the third deals with land condemned for the purpose of building dams to impound a vast amount of water.

In the Woodard case, 216 Ky. 618, 287 S. W. 985, it was written there could be no recovery by the condemnee for consequential or resultant damages based on fears which are ill-defined, speculative and not founded on reason or experience. But we there said if such fears are reasonable and are so generally entertained as to enter into the calculations of all who might buy or sell the property, then such fear or apprehension of danger might logically be said to depreciate the market value of the property. We think that rule is sound where one condemns property of another to place thereon a dangerous instrumentality like a high voltage electric wire. But we have no such case here.

No dangerous instrumentality has been brought on appellants' lands. On the contrary, this wall is being constructed for their protection. This fact clearly distinguishes the instant case from those cited and relied upon by appellants. Should appellants, or others who might be interested in buying their home, have reasonable and well-grounded fears that this wall will not protect the property from floods, yet these same fears must have existed even to a greater degree if no wall were

built, since this property has been subjected to 13 overflows since 1882.

If appellants fear that the wall might break suddenly, resulting in the loss of their home and even their lives, the answer to that is when the waters rise on the wall to a height they think dangerous, then they can forsake their premises just as they would in the event there were no wall and they apprehended flood waters would wash away their home and drown them. It was cogently said in the Woodard case, 216 Ky. 618, 287 S. W. 985, that it was no fault of Woodard that the electric line was erected over his lands. Here, appellants are not the innocent victims that Woodard was. This wall is being built for their protection, as well as that of hundreds of other persons and property owners similarly situated.

Certainly, where the condemned land is taken for the purpose of constructing a wall for the protection of the condemnees' remaining land, they will not be allowed consequential or resultant damages because they fear that the wall will not afford them the protection intended, and one they did not have before it was constructed.

The judgment is affirmed.