OPINION
{¶ 1} Defendants-appellants Allied Industrial Development Corp., et al. (Allied), appeal the grant of a remittitur by the Mahoning County Common Pleas Court, as moved for by Jerry Wray, Director of the Ohio Department of Transportation (ODOT). The issue before this court is whether in an appropriation case, the trial court is required to obtain the consent of the non-moving party before granting a remittitur. For the reasons stated below, the decision of the trial court is reversed and remanded for proceedings consistent with the law and this opinion.
 STATEMENT OF FACTS {¶ 2} In February 1997, ODOT first contacted Allied in regards to appropriating land necessary to replace the Center Street Bridge in Youngstown, Ohio. The date of take was set for March 23, 1998. Failure to agree upon compensation led the parties to file an appropriation petition with the proper court in July 1997.
 {¶ 3} A jury trial began on October 26, 1998, during which Allied moved for a mistrial, citing ODOT's failure to request a jury trial. The court granted the motion and held a bench trial. Thereafter, judgment was entered declaring just compensation as $50,000. ODOT appealed and this court reversed the judgment and remanded for a jury trial, holding that the right to a jury trial is automatic in appropriation cases. Wray v.Allied Indus. Dev. Corp. (2000), 138 Ohio App.3d 362.
 {¶ 4} The trial began for a third time on May 21, 2001, before a jury. Among the witnesses were two land appraisal experts, one presented by each side. ODOT's expert opined that the total land value and damages compensation was $1,700, while Allied's expert estimated a total of $31,900.
 {¶ 5} The jury returned a verdict of $65,625 for compensation for the land taken and $15,750 for damages, for a total of $81,375. ODOT moved for a new trial or, in alternative, a remittitur. Allied opposed the motion. On August 27, 2001, a final conference was held in vain to see if the parties could come to an agreement.
 {¶ 6} On October 11, 2001, the trial court overruled ODOT's motion for a new trial, finding that the jury's verdict was not influenced by passion or prejudice. The trial court did find the value awarded to be outside of the evidence and therefore granted ODOT's motion for a remittitur. Judgment was entered for $31,900, the highest value testified to. From this amended judgment entry Allied timely appeals.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING A REMITTITUR DAMNA WHERE THE VERDICT IS NOT MANIFESTLY EXCESSIVE."
 {¶ 8} The jury in an appropriation case is employed to determine the compensation and damages owed to the landowner. R.C. 163.14. Allied contends that this role thereby grants the jury power to set the value as they see fit, based on all testimony.
 {¶ 9} However, the jury verdict must be within the range supportable by proof. Burke v. Athens (1997), 123 Ohio App.3d 98, 101, citing Leila Hosp. Health Ctr. v. Xonics Med. Sys., Inc. (C.A. 6, 1991), 948 F.2d 271, 278; Ohio Edison v. Henry (Oct. 17, 1980), 6th Dist. No. E-79-47, citing In re Appropriation of an Easement for Hwy.Purposes (1959), 108 Ohio App. 1. In the present case, testimony as to the fair market value of the land taken by ODOT ranged from $1,700 to $12,700. (Tr. 176, 330). Testimony as to the damages that resulted from the take ranged from $0 to $19,200. (Tr. 176, 331). The jury awarded $65,625 for compensation for the land taken and $15,750 for damages, for a total of $81,375. This verdict exceeded the highest testimony by $49,475.
 {¶ 10} Allied contends that the testimony regarding slag values presented evidence which could increase the total value of the land. However, Allied's own expert witness testified to having used the value of the slag in his overall appraisal of the land. The witness reiterated this contention several times, making such statements as: "the existence of slag on the property would be the — probably most prime determinate as to the market value * * *." (Tr. 161). This testimony offered a determination of the increase in the value of the land with the slag. No other testimony was offered as to the increase in value the slag may have had on the land. As such, Allied's argument fails.
 {¶ 11} Furthermore, the jury instructions read in part, "The market value of the land may not be reached by combining separately valuated land and its slag." (Tr. 404). This instruction is proper in light of the doctrine in appropriation cases that minerals are not to be separately valuated but instead included in the overall land value. In reAppropriation of Easements for Highway Purposes (1963), 174 Ohio St. 441,446. As such, the jury could not add the price of the slag and the fair market value of the land taken to determine the appropriate compensation for the land taken.
 {¶ 12} The jury verdict clearly exceeded the range of expert testimony. In exceeding the range of expert testimony, the jury acted against the weight of the evidence. Thus, the first assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 13} "THE TRIAL COURT ERRED BY FAILING TO OBTAIN DEFENDANT'S CONSENT TO REMITTITUR DAMNA."
 {¶ 14} A remittitur is appropriately granted when a jury has determined the unliquidated damages, the jury's verdict was not influenced by passion or prejudice, but was excessive, and the prevailing party consents to the reduction in the damages. Wightman v. ConsolidatedRail Corp. (1999), 86 Ohio St.3d 431, 444. If the prevailing party refuses to accept the remittitur, a new trial should be ordered. Lancev. Leohr (1983), 9 Ohio App.3d 297, 298.
 {¶ 15} Allied contends that it did not consent to the remittitur, therefore, the trial court did not have the authority to grant the remittitur. ODOT argues that Allied need not consent to a remittitur because in an appropriation case there is no "prevailing party". In an appropriation case one party receives needed land and the other is compensated for supplying that land. See Akron v. Kalavity (Dec. 30, 1998), 9th Dist. No. 19010 (discussing prevailing party in the context of assessing cost under Civ.R. 54(D)). As such, it could be concluded that there is not a true prevailing party since each party is both losing and winning. However, to stop the analysis at this point ignores the policy reasons for requiring the consent of the "prevailing party." Calling for the consent of the prevailing party is akin to calling for the consent of the non-moving party, as the prevailing party would not ask the court to reduce their award. Consent of the non-moving party is necessary because if a court enters judgment varying from what the jury decided without approval from all parties, it has the effect of denying the right to a jury trial. See Poske v. Mergl (1959), 169 Ohio St. 70, 75. Thus, courts have extended the principle of consent by the non-moving party to remittiturs in appropriation verdicts. In such cases, the courts have held that the non-moving party must agree to remit a portion of the verdict or the judgment will be reversed as against the weight of the evidence and remanded for a new trial. Little Beaver Creek v. P.L. W. (June 10, 1998), 7th Dist. No. 95-CO-76, 29-30; In re Appropriation byOhio Turnpike Comm. (1955), 101 Ohio App. 474, 476; Merrell v. Matt
(1932), 42 Ohio App. 403, 404; Ohio Pub. Serv. Co. v. Darr (1929),34 Ohio App. 532, 535-536. As such we hold that in an appropriation case, the consent of the non-moving party, i.e. prevailing party, is required before a trial court may grant a remittitur.
 {¶ 16} In the case at hand, the judgment entry fails to show that the non-movant consented to remittitur in lieu of a new trial. As such, we cannot determine whether Allied may have consented to the remittitur if given that opportunity. While the remittitur was appropriate, Allied must have the choice to accept either the remittitur or a new trial.Little Beaver Creek, 7th Dist. No. 95-CO-76. Accordingly, the trial court erred by failing to secure Allied's consent for the remittitur. The second assignment of error has merit.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 17} "APPELLEE WAIVED ITS RIGHT TO A REMITTITUR DAMNA AS IT FAILED TO REQUEST A LIMITING INSTRUCTION."
 {¶ 18} Allied contends that ODOT waived their right to a remittitur by failing to request instructions limiting the jury verdict to the amount testified to by the experts. Allied offers what they consider an analogous case, State v. Kollar (1915), 93 Ohio St. 89. InKollar, the court held that a criminal conviction cannot be reversed due to an error in jury instructions which the defendant-appellant requested, the invited error doctrine. Id.
 {¶ 19} However, Kollar is distinguishable. ODOT did not request an erroneous jury instruction. In fact, ODOT objected continuously to Allied's closing argument which asked for an award that was outside of the limits of the testimony. (Tr. 373-374). ODOT additionally asked for a curative instruction. (Tr. 374-378). As such ODOT did not invite the error, but rather attempted to preserve the error.
 {¶ 20} Furthermore, a prior request for a limiting instruction is not an element that must be met before a remittitur may be granted. SeeBurke, 123 Ohio App.3d at 102 (stating the elements of remittitur, a request for a limiting instruction is not among the elements listed). The very fact that there is a need for remittitur means that the jury has returned a verdict that fails to reflect the testimony. It would be unreasonable to expect counsel to foresee such an error in every applicable case. Thus, remittitur acts as a corrective tool for these unexpected situations.
 {¶ 21} Also, the trial court's instruction to the jury was to determine the fair market value of the land given the evidence, including the testimony. (Tr. 403-405, 409). The instructions stated in part, "The evidence has provided you with the facts for you to arrive at a fair verdict. The weight you assign to the various parts of the evidence is for you to decide in arriving at a fair verdict." (Tr. 409). This implicitly instructs the jury to determine a figure in the range provided by testimony. ODOT could not know that the jury would somehow misinterpret or fail to follow the trial court's instructions. As such, Allied's third assignment of error lacks merit.
 {¶ 22} For the foregoing reasons, the decision of the trial court is hereby reversed and this cause is remanded for either Allied's consent to the remittitur or for a new trial if Allied will not consent to the remittitur.
Donofrio, J., concurs.
Waite, J., concurs.